PER CURIAM.
Appellant challenges his convictions and sentences for burglary and petit theft arguing that the trial court should have *12 granted his motion for mistrial. Because the trial court abused its discretion by denying the motion, we reverse and remand for a new trial.
During Appellant’s trial, an officer testified that Appellant invoked his right of counsel during a custodial interrogation. This comment is fairly susceptible of being interpreted by the jury as a comment on Appellant’s right to remain silent. State v. DiGuilio, 491 So.2d 1129, 1131 (Fla.1986). Comments on a defendant’s right to remain silent are high risk errors because there is a substantial likelihood that such comments will vitiate the defendant’s right to a fair trial. Grier v. State, 934 So.2d 653, 655 (Fla. 4th DCA 2006). In order to find that the trial court did not abuse its discretion by denying Appellant’s motion for mistrial, we must find that the officer’s comment was harmless error. However, after reviewing the entire record, we are unable to say that there is no reasonable possibility that the officer’s comment contributed to Appellant’s conviction's. DiGuilio, 491 So.2d at 1135. Therefore, the trial court abused its discretion by denying the motion for mistrial. We reverse Appellant’s convictions for burglary and petit theft and remand for a new trial.
REVERSED and REMANDED.
ALLEN, KAHN, and DAVIS, JJ., concur.